IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

PEDRO J. CABALLERO MACEIRA,

Defendant.

CRIMINAL NO. 06-334 (JAG)

## REPORT AND RECOMMENDATION

Defendant Pedro J. Caballero Maceira was charged in a one count Information wherein on or about March 31, 2005, in the District of Puerto Rico and within the jurisdiction of this Court, defendant herein, did knowingly and unlawfully possess a firearm, to wit: a shotgun, make Mossberg, model 5500MKII, caliber 12 gauge, loaded with five (5) cartridges (four buck shots and one slug) and from which the importer's or manufacturer's serial number had been obliterated, as that term is defined in Section 921 (a)(3) of Title 18, United States Code, in furtherance of a drug trafficking crime as that term is defined in Title 18, United States Code, Section 924 (c)(2), to wit: possession with intent to distribute cocaine, an offense for which he may be prosecuted in a Court of the United States as a violation of Title 21, United States Code, Section 841 (a)(1).  All in violation of Title 18, United States Code, Section 924 (c)(1)(A)(i).

Defendant appeared before this Magistrate Judge on October 23, 2006, since the Rule 11 hearing was referred by the Court.  Defendant was provided with the Waiver of Indictment and a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

<u>United States v. Pedro J. Caballero Maceira</u>
Criminal No. 06-334 (JAG)
Report and Recommendation
Page No. 2

Defendant indicated and confirmed his intention to plead guilty to Count One of the Information, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One he was examined and verified as being correct that: he had consulted with his counsel, Luis Rafael Rivera, prior to the hearing to enter a plea of guilty, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the hearing to enter the plea, the consent to proceed before a United States Magistrate Judge, the content of the Information and Waiver of Indictment, and charges therein, his constitutional rights, and the consequences of the waiver of same.

Defendant was specifically appraised by this Magistrate Judge that, by entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States v.  Pedro J. Caballero Maceira
Criminal No. 06-334 (JAG)
Report and Recommendation
Page No. 3

confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf.  He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.  Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify.  Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Rivera, indicated he freely and voluntarily waived those rights and understood the consequences.  During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offense as to which he was pleading guilty, including a term which shall not be less  than five (5) years of imprisonment, a fine not to exceed two hundred and fifty thousand ($250,000.00), and a supervised release term of not more than three (3) years, in addition to a special assessment of one hundred dollars ($100.00), per count, as required by Title 18, United States Code, Section 3013(a).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement (Pursuant to Rule 11 (c)(1)(A) & (B) Fed. R. Crim. P.)" (the Agreement) was shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement appears on page four (4), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. In this case the defendant is pleading guilty to Count One of the Information, that is, Title 18, United States Code, Section 924(c), therefore, the defendant shall be sentenced to a term of imprisonment of not less than five (5) years.

Pursuant to paragraph eight (8) of the Agreement, the parties agree to recommend a sentence of five (5) years imprisonment, recommendation which is made pursuant to Rule 11 (c)(1)(B) of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3553(a). The defendant agrees not to request a sentence lower than five (5) years imprisonment, inasmuch as he agrees that this sentence is reasonable pursuant to Title 18, United States Code, Section 3553(a).

United States v. Pedro J. Caballero Maceira
Criminal No. 06-334 (JAG)
Report and Recommendation
Page No. 5

As part of the written Agreement, the government, the defendant, and his counsel also agreed that they were aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Defendant was specifically informed that the above sentencing calculations were not binding for the sentencing court, but were only estimates of possible terms of his sentence, which may always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence.

As indicated in paragraph fourteen of the Agreement, the United States after sentencing will request the dismissal of the Indictment pending against defendant in Criminal No. 05-098 (JAG), pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled Stipulation of Facts, which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and

conditions which defendant, his attorney and the government, have entered.[2]

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that normally prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was advised that, depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[3]

Defendant was read in open court and shown the Information, provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One of the Information was what he had done and to which he was pleading guilty during these

---

[2] Defense counsel clarified and the government explained that, even though it is not a term of the Agreement, in the event that the Pre-Sentence Report reflects that defendant has been sentenced at the state level for an alleged pending charge at the state level, then the government does not anticipate it will not oppose defendant's request to be sentenced concurrently with this case. Otherwise, the government will be free to argue anything else, after review of the Pre-Sentence Report.

[3] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph eighteen (18) a waiver of appeal.

proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Information in Criminal No. 06–334 (JAG).

This Magistrate Judge, after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Information in Criminal No. 06-334 (JAG).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be scheduled promptly before Hon. Jay A. García-Gregory, District Court Judge.

San Juan, Puerto Rico, this 30th day of October of 2006.

                                        s/ CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ-RIVE
                                        UNITED STATES MAGISTRATE JUDGE